**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

Lyle W. Cayce
Clerk

No. 11-30273
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KIM HOGAN,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:92-CR-294-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kim Hogan, former federal prisoner # 23133-034, appeals the denial of his Federal Rule of Criminal Procedure 33 motion for a new trial, which the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied as untimely. Hogan was convicted of three counts of distribution of cocaine base, one count of conspiracy to distribute cocaine base, and one count of possession of cocaine hydrochloride with intent to distribute. The conviction was affirmed on direct appeal. *United States v. Bedford*, 9 F.3d 104, 104 (5th Cir. 1993) (unpublished).

Hogan does not dispute that his Rule 33 motion was filed after the expiration of the limitations period, but he contends that the district court nonetheless should have considered his untimely filing in the interest of justice. He asserts that his motion is based on allegedly newly discovered evidence, consisting of transcripts of grand jury proceedings. He argues that the transcripts show that the government obtained an indictment by presenting false testimony to the grand jury.

Hogan has not demonstrated that the district court abused its discretion. *See United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997). The record supports that the motion was filed well beyond the limitations period, and Hogan has shown no basis on which the court should have granted an extension for excusable neglect under Federal Rule of Criminal Procedure 45(b)(1)(B). Moreover, even if Hogan had been entitled to an extension, it would have been proper for the court to deny the motion on the merits. Hogan has shown neither that the transcripts were unknown to him at the time of trial, or could not have been discovered previously through due diligence, nor that the transcripts would have any effect on the verdict. *See United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011); *United States v. Wall*, 389 F.3d 457, 473 (5th Cir. 2004).

The order denying the motion for new trial is AFFIRMED.